IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

EMILY P.,[1]

    **Plaintiff,**

    v.                                      Civil No. 3:20cv00368

KILOLO KIJAKAZI,

    **Defendant.**

## MEMORANDUM OPINION

Plaintiff Emily P. challenges the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for Supplemental Security Income after finding she lacked disability. This matter comes before the Court on the Report and Recommendation ("R&R") prepared by the Honorable Mark R. Colombell, United States Magistrate Judge, (ECF No. 37), addressing the parties' cross-motions for summary judgment, (Pl.'s Mot. Summ. J., ECF No. 28; Def.'s Mot. Summ. J., ECF No. 30; Pl.'s Reply, ECF No. 32.)

The Magistrate Judge recommended that this Court deny Plaintiff's Motion for Summary Judgment, grant the Commissioner's Motion for Summary Judgment, and uphold the final decision of the Commissioner. Plaintiff objects to the R&R ("Objection"). (Pl.'s Obj., ECF No. 38.) The Commissioner responded in opposition to Plaintiff's Objection. (Def.'s Resp., ECF No. 39.) The Court exercises jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).[2]

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States recommends that, due to significant privacy concerns in social security cases, federal courts refer to a claimant only by his or her first name and last initial.

[2] Section 405(g) provides in relevant part, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he [or she] was a party . . . may obtain a review of such decision by a civil action . . . . in [a] district court." 42 U.S.C.

For the reasons articulated below, the Court will overrule Plaintiff's Objection and adopt the R&R. Accordingly, the Court will deny Plaintiff's Motion for Summary Judgment, grant the Commissioner's Motion for Summary Judgment, and affirm the Commissioner's decision.

### I. Factual and Procedural History

The instant case involves Plaintiff's claim for Supplemental Security Income under the Social Security Act. On June 3, 2019, an Administrative Law Judge ("ALJ") issued a written opinion finding that Plaintiff did not qualify for disability benefits. (R. 53.) Relevant to this appeal, the ALJ explained that Plaintiff suffers from mild intellectual developmental disorder, anxiety disorder, depression, fetal alcohol syndrome, attention deficit hyperactivity disorder, and posttraumatic stress disorder, which constitute severe impairments. (R. 30, 48.) However, the severity of these impairments "considered singly and in combination, do not meet or medically equal the criteria of listings," meaning she did not qualify as disabled at step three. (R. 31–32, 48–50.) Because Plaintiff's impairments did not "meet the criteria of a listed impairment," nor did she show "significant indicia that any impairment or combination thereof medically equals the severity of a listed impairment," the ALJ proceeded to the next step. (R. 51.) At step four, the ALJ concluded that because Plaintiff had no past relevant work, the transferability of her skills was not relevant. (R. 51.) Finally, at step five, the ALJ held that Plaintiff is capable of making an adjustment of available jobs that exist in the national economy. (R. 51–52.) These jobs include a cafeteria attendant, stock checker, and bakery worker. (R. 52.) Further, the ALJ found that Plaintiff can perform this employment as it is generally performed in the national economy. (R. 52.) Therefore, the ALJ concluded that Plaintiff was not disabled as an adult or

---

§ 405(g). Section 1383(c)(3) confirms that "[t]he final determination of the Commissioner . . . after a hearing . . . shall be subject to judicial review as provided in section 405(g)." 42 U.S.C. § 1383(c)(3).

2

child under the Social Security Act. (R. 52–53.) After the Appeals Council denied Plaintiff's administrative appeal, she sought review in this Court.

In the Objection, Plaintiff objects to the weight given to the opinions of two consulting examiners, Dr. Thomas Hayes ("Dr. Hayes") and Dr. Peggy Dennison ("Dr. Dennison"). (Pl.'s Obj. 3–10.) Plaintiff asserts that "the Magistrate's analysis erroneously found that substantial evidence supported the ALJ's opinion" with regard to the weight given to each expert. (Pl.'s Obj. 3.) Plaintiff additionally asserts that the Magistrate Judge erred in noting "only one supposed inconsistency" in Dr. Hayes' report when reviewing the ALJ's determination of the weight of this examiner's opinion. (Pl.'s Obj. 5.) Further, in reference to Dr. Dennison's opinion, Plaintiff argues that the Magistrate Judge improperly relied on post-hoc findings in concluding that the ALJ did not err when he conferred limited weight to the opinion. (Pl.'s Obj. 7–10.) Plaintiff asks this Court to reject the R&R and remand this matter for a reevaluation of the opinions of Dr. Hayes and Dr. Dennison. (Pl.'s Obj. 10.)

## II. Standard of Review

This Court reviews de novo any part of the Magistrate Judge's R&R to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C);[3] Fed. R. Civ. P. 72(b)(3).[4] In doing so, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

---

[3] The subsection provides: "[T]he magistrate judge shall file his [or her] proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties." 28 U.S.C. § 636(b)(1)(C).

[4] The rule provides that, in resolving objections, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

3

A proper objection is an objection that is "specific and particularized." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. Mar. 13, 2015). "[T]he objection requirement is designed to allow the district court to 'focus on specific issues, not the report as a whole.'" *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." *Id.* (quoting *Tyler v. Wates*, 84 F. App'x 289, 290 (4th Cir. 2003)). "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Id.* (quoting *Abou-Hussein v. Mabus*, No. 2:09cv1988, 2010 WL 4340935, at *1 (D.S.C. Oct. 28, 2010), *aff'd*, 414 F. App'x 518 (4th Cir. 2011)). When an objection is not proper, the Court reviews the R&R for clear error only. *See Lee v. Saul*, No. 2:18cv214, 2019 WL 3557876, at *1 (E.D. Va. Aug. 5, 2019).

Objections properly raised are subject to a de novo judicial review, which requires that this Court "uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (quoting *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)). Substantial evidence requires "more than a mere scintilla of evidence but . . . less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (quoting *Hancock*, 667 F.3d at 472).

If substantial evidence does not support the ALJ's decision, or if the ALJ has made an error of law, the Court must reverse the decision. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh

4

conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro*, 270 F.3d at 176 (first and second alterations in original) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), *superseded by regulation on other grounds*, 20 C.F.R. § 416.927(d)(2)).

### III. Analysis

In the Objection, Plaintiff objects to the weight given to two consulting examiners, Dr. Hayes and Dr. Dennison. Accordingly, this Court will limit its analysis to those issues. *See United States v. George*, 971 F.2d 1113, 1117 (4th Cir. 1992) ("[T]he court . . . shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." (quoting 28 U.S.C. § 636(b)(1))).

As an initial matter, the Court concludes that the lion's share of Plaintiff's Objection presents nothing more than a "rehashing of the arguments raised in [her] Motion for Summary Judgment." *See Nichols*, 100 F. Supp. 3d at 497; (*compare* Pl.'s Obj. 3–10 *with* Pl.'s Br. in Supp. of Mot. for Summ. J. ("Pl.'s Summ. J. Br.") 7–19 (ECF No. 29), *and* Pl.'s Reply 8–10 (ECF No. 32)). Plaintiff's Objection and the Plaintiff's brief mirror each other, using largely the same arguments that the ALJ did not assign the proper weight to Dr. Hayes' and Dr. Dennison's medical opinions. In fact, Plaintiff seeks to "reasserts the rationale and arguments in the initial brief and reply [on the motion for summary judgment]" in her Objection. (Pl.'s Obj. 6.)

For example, Plaintiff argues that "[n]either the ALJ nor the Magistrate provide any explanation" regarding their assertions that Dr. Hayes' findings were inconsistent with Dr. Hayes' conclusions. (Pl.'s Obj. 4.) Similarly, Plaintiff merely imposes the ALJ's error onto the Magistrate, arguing that the Magistrate Judge's findings "do not support the ALJ's decision or the Magistrate's conclusions." (Pl.'s Obj. 3.) In both the Objection and Plaintiff's Summary

Judgment Brief, Plaintiff asserts that the ALJ erred by improperly playing doctor when reviewing the opinions of both Dr. Hayes and Dr. Dennison. (Pl.'s Obj. 4–5, 8; Pl.'s Summ. J. Br. 12–13, 17–18.) Such general objections fail to focus the Court towards a specific issue needing resolution. Because Plaintiff fails to make a specific and particularized objection, review for clear error would be appropriate. *See Lee*, 2019 WL 3557876, at *1. Having reviewed the record, the Court finds no clear error.

Apart from these general objections, Plaintiff raises two specific arguments. Regarding Dr. Hayes' opinion, Plaintiff argues that the Magistrate Judge "noted only one supposed inconsistency" between Dr. Hayes' opinion and the record in order to support the ALJ's conclusion that Dr. Hayes' opinion was entitled to little weight. Regarding Dr. Dennison's opinion, Plaintiff asserts that the Magistrate Judge relied on post-hoc findings in concluding that the ALJ did not err in weighing Dr. Dennison's evaluation. (Pl.'s Obj. 7–10.) The Court will address each objection below.

### A. The Magistrate Judge and ALJ Did Not Err in Evaluating Dr. Hayes' Medical Opinion

Plaintiff asserts that the Magistrate Judge erred in finding only one inconsistency between Dr. Hayes' opinion and the record when reviewing the ALJ's determination that such opinion warranted little weight. (Pl's Obj. 3–7.) Plaintiff argues the Magistrate Judge's reliance was improper and that the inconsistency was not a "relevant" inconsistency. (Pl.'s Obj. 3–7.) Defendant argues that the Magistrate Judge properly evaluated the ALJ's decision to give Dr. Hayes' opinion little weight and sufficiently articulated his reasoning. (Def.'s Resp. 3–8.)

Here, Plaintiff's argument that the Magistrate Judge relied on "only one supposed inconsistency," (Pl.'s Obj. 5), misstates the R&R. In the R&R, the Magistrate Judge stated:

> The ALJ also noticed *inconsistencies* in Dr. Hayes' report that called into question the extent and severity of some of Plaintiff's claims. *For example*, Plaintiff claims that she "blames 'forgetting' quite often," but the test results of her working memory suggested that she should be able to remember most daily events and routine. Dr. Hayes ascribed Plaintiff's self-described forgetfulness as a "manifestation of a profound level of anxiety, and fear of scrutiny."

(R&R 16 (emphasis added) (internal citations omitted).) The Magistrate Judge then noted further inconsistencies in Dr. Hayes' report:

> Therapy notes, dated two days after Dr. Hayes' examination, indicated Plaintiff was neat and well-groomed and was exhibiting: (1) good attention; (2) normal and linear thought processes; (3) an intact memory; and (4) age-appropriate judgment and insight. Likewise, therapy notes from a few weeks later (i.e., September 13, 2017 and September 20, 2017) state that Plaintiff's "[a]ttention is good. Memory is intact. Insight and judgment are age appropriate."

(R&R 16 (internal citations to record omitted).) These inconsistencies were also discussed by the ALJ when he made his determination. (R. 38.) Thus, contrary to Plaintiff's assertions, the Magistrate Judge pointed out multiple inconsistencies between Dr. Hayes' opinion and the record, and therefore such inconsistencies supported the ALJ's decision to give Dr. Hayes' little weight.

On this basis alone, the objection could be overruled. Additionally, having reviewed the ALJ's opinion, the Court further concludes that the ALJ and the Magistrate Judge applied the appropriate regulations[5] in evaluating and weighing the opinion of Dr. Hayes and adequately explained the weight assessed to Dr. Hayes' opinion. (R. 36–40.) As the R&R explains, the ALJ considered the opinions of both consultative examiners, the testimony, and record as a whole. (R. 31–51.) The ALJ linked his conclusions with specific references to the record, (R. 36–40),

---

[5] Pursuant to 20 C.F.R.§§ 404.1527(c)(2), 416.927(c)(2), regulations which were in effect at the time Plaintiff filed her claim, a treating source's opinion must be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record.

7

and noted where the record conflicted with the opinion of Dr. Hayes, (R. 36–37). Because the ALJ based his decision on the record as a whole, he did not supplant the medical opinions with that of his own.

In sum, substantial evidence supports the ALJ's determination of the weight afforded Dr. Hayes' opinions. The R&R similarly concluded, and the Court discerns no error. Thus, Plaintiff's objection Magistrate Judge's recommendation regarding the weight of evidence assigned to Dr. Hayes' opinion is OVERRULED.

### B. The Magistrate Judge and ALJ Did Not Err in Evaluating Dr. Dennison's Opinion

Regarding Dr. Dennison, Plaintiff asserts that the Magistrate Judge improperly relied on post-hoc information in concluding that the ALJ properly gave Dr. Dennison's opinion limited weight. (Pl.'s Obj. 7–10.) In other words, Plaintiff argues that the Magistrate Judge relied on reasoning and evidence upon which the ALJ did not expressly rely. Specifically, Plaintiff argues that the Magistrate Judge relied on the following facts which were not expressed by the ALJ: Dr. Dennison only saw Plaintiff on one occasion; Dr. Dennison had limited review of Plaintiff's file; and Dr. Dennison made certain findings regarding Plaintiff's thought processes, ability to concentrate, and insight. (Pl.'s Obj. 8–9.)

Defendant argues that the Magistrate Judge properly evaluated the weight assigned by the ALJ to Dr. Dennison's opinion and sufficiently articulated his reasoning. (Def.'s Resp. 3–8.) Defendant argues that the district court has the authority to look to the ALJ's decision, the administrative record, and pleadings in making its determination, and that the Magistrate Judge did not rely on post-hoc findings. (Def.'s Resp. 8–9.)

As an initial matter, the ALJ did, in fact, rely on some reasoning and evidence that Plaintiff claims only the Magistrate Judge relied upon. For instance, Plaintiff asserts that only

8

the Magistrate relied upon Dr. Dennison examining Plaintiff on only one occasion, but the ALJ relied upon such treatment relationship:

> . . . in contrast to the stability and improvement reflected in the medical treatment just days earlier, far more significant symptoms were reported by the claimant's guardian in *a consultive examination* in connection with this claim. The claimant underwent a psychological consultative examination on January 19, 2017, with Peggy Dennison, Ph. D. . . .

(R. 37 (emphasis added) (internal citation omitted).) The Magistrate Judge then correctly noted that the ALJ considered the treatment relationship, stating that "Dr. Dennison was hired to evaluate Plaintiff and report the results to the Disability Determination Bureau. She examined Plaintiff once on January 19, 2017." (R&R 17 (internal citations to record omitted).)

Similarly—and contrary to the Plaintiff's argument, (Pl.'s Obj. 9)—both the ALJ and Magistrate Judge noted Plaintiff's "thought process" and "the ability to concentrate on simple tasks." (*Compare* R. 37 ("However, she was noted to have mostly adequate and intact thought processes, she was oriented to all planes, and showed adequate ability to maintain concentration on simply sequential tasks."), *with* R&R 18.)

Plaintiff's argument that the Magistrate Judge, unlike the ALJ, also noted that Dr. Dennison had limited review of the file or that Dr. Dennison reported that Plaintiff "has some degree of insight into her own condition," does not alter this conclusion. In reviewing an agency's action, a court "must judge the propriety of such action solely by the grounds invoked by the agency." *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947). "[T]he court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis." *Id.* But here, the additional evidence referenced by the Magistrate Judge does not implicate the type of post-hoc rationale contemplated by *Chenery*. The Magistrate Judge is required to consider whether the ALJ's decision is supported by substantial evidence. *See Craig*,

9

76 F.3d at 589. "In reviewing for substantial evidence, [the court does] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Id.* at 589. Where the Magistrate Judge references in his report additional evidence in the record supporting the ALJ's opinion, the Magistrate Judge acts in accordance with the substantial evidence analysis.

In this case, the R&R did not engage in "post-hoc rationalization" or provide alternative grounds to the ones provided by the ALJ for the findings as to the appropriate weight to afford Dr. Dennison's opinion. Instead, the Magistrate Judge explained the applicable legal standards in detail, reviewed the record, and determined that there was, in fact, substantial evidence to support the ALJ's findings. (*See* R&R 15–19.) That is precisely the task prescribed by 42 U.S.C. § 405(g). Similar to the above analysis, the Court additionally concludes that the ALJ and the Magistrate Judge applied the appropriate regulations in evaluating and weighing the opinion of Dr. Dennison and adequately explained the weight assessed to Dr. Dennison's opinion. (R. 37.) In sum, substantial evidence supports the ALJ's determination of the weight afforded Dr. Dennison's opinions. The R&R similarly concluded, and the Court discerns no error. Thus, Plaintiff's objection Magistrate Judge's recommendation regarding the weight of evidence assigned to Dr. Dennison's opinion is OVERRULED.

### IV. Conclusion

For the foregoing reasons, the Court will overrule the Objection and adopt the R&R.

An appropriate Order shall issue.

Date: 3-31-2022
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge